## SOLMS *a*. LIAS.

*New York Common Pleas; General Term, July,* 1863.

GENERAL AND SPECIAL DAMAGES.—TESTIMONY OF PARTY.

Special damages, or damages not naturally resulting from the injury complained of, cannot be proved unless specially averred.

Thus, in an action for an injury to real property, by allowing a privy to overflow, where there was no averment of special damage, evidence that the overflow tainted a well from which plaintiff was in the habit of drawing water to make beer, and that in consequence a brewing was found unmerchantable, was *Held*, inadmissible.

Under a notice given under section 399 of the Code (since amended), that the plaintiff will be examined "as to the amount of damages sustained," it is error to admit testimony as to items of special damage not averred in the complaint.

Appeal from a judgment.

This action was brought by Henry Solms against Laurent Lias, to recover damages for injury to the plaintiff's land in Clinton Street, New York, by the inflowing from a privy located on the defendant's land adjoining. The circumstances of the trial are sufficiently stated in the opinion. The plaintiff had judgment, and defendant appealed.

*C. Bainbridge Smith*, for the appellant.—I. The cause of action alleged is for injuries to real estate; plaintiff cannot, therefore, recover for damages to his business. Damages are either general or special. General damages are such as the law implies or presumes to have accrued from the wrong complained of; special damages are such as really took place, and not implied by law. (*Chit. Pl.*, 428; *Sedgw. Dam.*, 612.)

II. The defendant made beer from the water, which had been previously tainted, when he must have known it was unfit. *Volenti non fit injuria.* When a party is himself guilty of negligence, he cannot recover for the negligent acts of others. (1 *Saund. Pl. & Ev.*, Am. ed., 470; Button *a.* Hudson River R. R. Co., 18 *N. Y.*, 248; Steves *a.* Oswego & Syracuse R. R. Co., *Ib.*, 422.)

III. The verdict is against evidence. A verdict should not stand when the testimony upon which it is founded bears the impress not only of incredibility, but of impossibility. (Jackson *a.* Mather, 7 *Cow.*, 301; Thompson *a.* Menck, 22 *How. Pr.*, 431; Platt *a.* Munroe, 34 *Barb.*, 291.)

IV. The exceptions to plaintiff's testimony for want of ten days' notice of the points thereof were well taken. (*Code*, 1857, 1859; Pattison *a.* Johnson, 15 *How. Pr.*, 289.)

*Peck & Steinbrenner*, for the respondent.

By THE COURT.—BRADY, J.—The complaint in this case is based upon injuries to the realty. There are no allegations of damage to personal property resulting from such injury, or of any expense to which the plaintiff was subjected in consequence, except that of constructing a wall to prevent further damage. The plaintiff was, however, permitted to prove the

loss of beer, and the expense of pumping a well on his premises, the contents of which it became necessary to remove in consequence of the inflowing from the defendant's privy. This evidence was objected to, on the ground that no notice had been served on the defendant's attorney specifying either of these items as points on which the plaintiff would be examined as a witness on his own behalf. If the objection had been taken to the inadmissibility of the evidence because there were no allegations of special damage, then there seems to me to be no doubt that it should have been excluded; and as the notice served contained a general reference only to the damages sustained,—viz., "as to the amount of damages sustained by the plaintiff,"—it must be held to relate only to the damages which the plaintiff had so averred in his complaint that he had the right to prove them. It cannot be said that, considering the whole of the case, the defendant was not damnified by the proof admitted. It can be said, with propriety, that the plaintiff's testimony is not consistent as to the precise time when the beer was spoiled. He states that after the wall or embankment was built on his ground the water in the well was pure and sweet, and that the beer was made before the wall was built; and, at another point in his evidence, says that the wall was built before he made the beer. The plaintiff is a foreigner, it is true, and it may be that ignorance of our language had led him into inconsistent statements, and it may also be that on another trial he may present his case more satisfactorily. The admission of the evidence objected to, however, renders it necessary to reverse the judgment.

DALY, F. J., and HILTON, J., concurred.

Judgment reversed, and new trial ordered.